IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

UNITED STATES OF AMERICA :
:
v. :
:
KEITH BLACKWELL, : 3:03-cr-15 (HL)
:
Defendant. :

## ORDER

Defendant, Keith Blackwell, filed a Motion for Reduction of Sentence pursuant to the retroactive amendments to the Sentencing Guidelines that govern crack cocaine offenses (Doc. 268). The Court denied that Motion in an Order entered April 3, 2008 (Doc. 270). On April 16, 2008, Defendant filed a Notice of Appeal (Doc. 271). After filing the Notice of Appeal, on April 24, 2008, Defendant filed a Motion for Reconsideration (Doc. 275) and a Motion to Appoint Counsel (Doc. 276).

As a general rule, the timely filing of a notice of appeal divests the district court of jurisdiction to address the issues raised on appeal. *See, e.g.,* United States v. Vicaria, 963 F.2d 1412, 1415 (11th Cir. 1992). However, the timely filing of a motion for reconsideration of a district court order serves to toll the time for filing a notice of appeal.[1] United States v. Cerceda, 172 F.3d 806, 811 n.3 (11th Cir. 1999). *See also* Vicaria, 963 F.2d at 1413. Therefore, a motion for reconsideration filed after a notice of appeal, but within the time for filing an appeal, reinvests a district court with jurisdiction to reconsider its order. United States v. Greenwood, 974 F.2d 1449, 1467-70 (5th Cir. 1992). As a result, this Court must determine

---

[1] The United States Court of Appeals for the Eleventh Circuit has recognized that motions for reconsideration are not expressly authorized by the Federal Rules of Criminal Procedure but are nevertheless commonly utilized. United States v. Vicaria, 963 F.2d 1412, 1413 (11th Cir. 1992).

whether Blackwell's Motion for Reconsideration was filed within the time for filing a notice of appeal, in order to decide whether it has jurisdiction to address the Motion.

A defendant's notice of appeal in a criminal case must be filed within 10 days after the entry of the judgment or order being appealed. Fed. R. App. P. 4(b)(1)(A). A judgment or order is entered for purposes of Rule 4(b) when it is entered on the criminal docket. Fed. R. App. P. 4(b)(6). The day of entry and intermediate Saturdays, Sundays, and holidays are excluded when computing the time within which the appeal must be filed. Fed. R. App. P. 26(a). The three days additional time given for mailing in Federal Rule of Appellate Procedure 26(c) are not applied when determining the time within which the appeal must be filed. Lashley v. Ford Motor Co., 518 F.2d 749, 750 (5th Cir. 1975) (noting that since a court of appeals has no jurisdiction over a case until a notice of appeal is timely filed, Rule 26(c) has no application to the Rule 4 requirements for timely filing appeals).[2]

Applying the foregoing rules to this case, Blackwell's Notice of Appeal, and thus his Motion for Reconsideration, were due on April 17, 2008. Blackwell's Notice of Appeal, having been received and entered on the docket on April 16, 2008, was timely. Morgan's Motion for Reconsideration, however, was not timely, having been received and entered on the docket on April 24, 2008.[3] Because the Motion for Reconsideration was filed after the time for filing

---

[2] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

[3] The Federal Rules of Appellate Procedure provide that a prisoner's notice of appeal is considered timely if it is deposited in the prison's internal mail system on or before the last day for filing the appeal. Fed. R. App. P. 4(c). The "mailbox rule," as it is commonly known, has been extended to documents other than notices of appeal. The Court need not determine in this case whether the mailbox rule applies to motions for reconsideration, however, because Blackwell's Motion for Reconsideration does not even indicate the date it was signed, or otherwise show that it was deposited in the prison mail system and, therefore, the

a notice of appeal had expired, and because the Motion addresses those issues that were presented in the appeal, the Court has no jurisdiction to address the Motion for Reconsideration. The Motion is hereby dismissed. *See* United States v. Arrate-Rodriguez, No. 04-15419, 2005 WL 3475753, at *4-5 (11th Cir. Dec. 20, 2005) (holding that district court lacked jurisdiction to entertain motion for reconsideration filed outside the time for filing an appeal).

Although the Court lacks jurisdiction to address Blackwell's Motion for Reconsideration, the Court has the authority to consider the Motion for Appointment of Counsel, even though it was filed after the time for filing the Notice of Appeal. Unlike the Motion for Reconsideration, the Motion for Appointment of Counsel does not present issues that are before the Eleventh Circuit on appeal. Moreover, deciding the Motion for Appointment of Counsel might serve to further the appeal. *See* Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003) (discussing jurisdiction of district courts following filing of notice of appeal and noting that filing of notice does not prevent district courts from taking action in furtherance of an appeal).

Having decided that it has the authority to act on the Motion for Appointment of Counsel, the Court hereby grants the same. During the course of the initial criminal proceedings, the trial court determined that Blackwell was financially unable to obtain adequate legal representation and thus provided him with appointed counsel. Furthermore, Blackwell has been incarcerated since at least March 25, 2004. The Court thus finds that Defendant is financially unable to obtain counsel for purposes of this appeal. The Court finds it appropriate, therefore, to provide counsel pursuant to 18 U.S.C. § 3006A.

---

mailbox rule would not apply to the Motion.

The Executive Director of the district's Community Defender Organization is hereby appointed to represent the legal interests of the Defendant with regard to his appeal. At his discretion, the Executive Director may assign counsel from that office as may be appropriate to represent the defendant in all future proceedings.

**SO ORDERED**, this the 28th day of April, 2008.

<em>s/ Hugh Lawson</em><br>**HUGH LAWSON, Judge**

mls